**Aurelio Hernandez AGUILAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–05–00260–CR.**

Court of Appeals of Texas, Waco.

July 26, 2006.

Richard G. Ferguson, Waco, for appellant.

John W. Segrest, McLennan County Criminal Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**

FELIPE REYNA, Justice.

A jury convicted Aurelio Hernandez Aguilar of six offenses involving sexual

acts with his stepdaughter R.G. The jury assessed his punishment at forty-five years' imprisonment for a single count of aggravated sexual assault, ten years' imprisonment for each of two counts of indecency with a child and two counts of sexual assault, and fifteen years' imprisonment for an additional count of sexual assault. The court ordered several of the sentences to run consecutively. Aguilar contends in two issues that: (1) his Sixth Amendment right to jury trial was violated under *Apprendi* and its progeny because the jury was not asked to determine whether the sentences should run consecutively; and (2) his sentence for Count 4 is invalid because the court failed to pronounce sentence for this offense. We will affirm.

### Right to Jury Trial

■ Aguilar contends in his first issue that his Sixth Amendment right to jury trial was violated under *Apprendi* and its progeny because the jury was not asked to determine whether the sentences should run consecutively. He acknowledges that this Court has already decided this issue against him in a similar case. *See Marrow v. State*, 169 S.W.3d 328, 330–31 (Tex.App.-Waco 2005, pet. ref'd), *cert. denied*, —— U.S. ——, 126 S.Ct. 1147, 163 L.Ed.2d 1006 (2006). Nevertheless, he contends that *Marrow* should be re-examined in light of the Supreme Court's more recent decision in *United States v. Booker*. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In *Apprendi v. New Jersey*, the Supreme Court struck down a New Jersey hate crime statute because it permitted the trial judge to impose punishment on a person convicted by a jury of a second-degree weapons crime at the level provided for a first-degree crime if the judge found by a preponderance of the evidence that the defendant possessed the weapon to intimidate the victim because of a particular characteristic of the victim. 530 U.S. 466, 491, 120 S.Ct. 2348, 2363, 147 L.Ed.2d 435 (2000). The Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. at 2362–63.

In *Blakely v. Washington*, the Court extended *Apprendi* to the State of Washington's determinate sentencing scheme. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). There, the trial court imposed "an exceptional sentence" beyond the standard punishment range for second-degree kidnapping after finding that the defendant had acted with "deliberate cruelty." *Id.* at 298–300, 124 S.Ct. at 2534–35. The Court found that this sentencing scheme violated *Apprendi* because it permitted the court to impose a sentence greater than the maximum that could be imposed "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303–04, 124 S.Ct. at 2537.

In *Booker*, the Court logically extended *Blakely* to the federal sentencing guidelines. 543 U.S. at 243, 125 S.Ct. at 755. To remedy this constitutional deficiency, the Court deleted those provisions of the guidelines which made them mandatory and effectively rendered them advisory. *Id.* at 245–46, 125 S.Ct. at 756–57.

Aguilar contends that "*Booker* expanded *Apprendi* in ways not previously imagined." Appellant's Brief at 4. We disagree. As we explained in *Marrow*, the statutory maximum for each offense remains unchanged regardless of whether the trial court orders the defendant to serve the sentences sequentially rather than concurrently. *See Marrow*, 169 S.W.3d at 330–31. This Court and others have rejected similar arguments since *Booker* was decid-

ed. *See Manzano v. State*, No. 10–04–00323–CR, 2006 WL 348463, at *4–5, 2006 Tex.App. LEXIS 1285, at *12–13 (Tex. App.-Waco Feb. 15, 2006, pet. filed); *see also United States v. Fifield*, 432 F.3d 1056, 1066–67 (9th Cir.2005), *cert. denied*, — U.S. —, 126 S.Ct. 1937, 164 L.Ed.2d 684 (2006); *United States v. Carr*, No. 02–0106(JDB), 2006 WL 401818, at *5, 2006 U.S. Dist. LEXIS 6407, at *16–17 (D.D.C. Feb. 21, 2006) (mem. op.); *Leal v. State*, No. 01–05–00715–CR, 2006 WL 1275909, *7–8, 2006 Tex.App. LEXIS 4088, at *22–24 (Tex.App.-Houston [1st Dist.] May 11, 2006, pet. filed) (not designated for publication).[1]

Each of Aguilar's sentences lies within the prescribed statutory range. Accordingly, we conclude that his Sixth Amendment right to jury trial was not violated. Thus, we overrule his first issue.

### Pronouncement of Sentence

Aguilar contends in his second issue that his sentence for Count 4 is invalid because the court failed to pronounce sentence for this offense. Thus, Aguilar contends that the court's cumulation order is invalid because it orders his sentence for Count 5 to begin after he has completed his sentence for Count 4 and his sentence for Count 4 to begin after he has completed his sentence for Count 1.

■ Article 42.03, section 1(a) of the Code of Criminal Procedure provides that "sentence shall be pronounced in the de-

fendant's presence." Tex.Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp. 2005).[2] When the defendant is convicted of more than one offense in the same proceeding, the court must pronounce whether the sentences will run concurrently or consecutively. *See id.* art. 42.08 (Vernon Supp.2005); *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex.Crim.App.2002); *Nicholas v. State*, 56 S.W.3d 760, 767 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd). The court's written judgment serves only to memorialize the oral pronouncement. *Madding*, 70 S.W.3d at 135 (citing *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim. App.1998)); *accord Taylor v. State*, 131 S.W.3d 497, 500 (Tex.Crim.App.2004).

The Court of Criminal Appeals held in *Coffey* that "when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls." *Coffey*, 979 S.W.2d at 328; *accord Taylor*, 131 S.W.3d at 500. Application of this rule can be seen in *Thompson v. State*, where, though the defendant was convicted of two counts, the trial court pronounced sentence on only one count but signed a written judgment imposing identical sentences for both counts. 108 S.W.3d 287, 289 (Tex. Crim.App.2003). The Court of Criminal Appeals affirmed the lower court's decision to dismiss the appeal as to the count for which no sentence had been pronounced. *Id.* at 288–89.

■ Here, the jury returned a punishment verdict assessing punishment for

---

**1.** Several courts from other states have likewise reached this conclusion after *Booker*. *See, e.g., Vandergriff v. State*, 125 P.3d 360, 361–63 (Alaska Ct.App.2005); *People v. Black*, 35 Cal.4th 1238, 29 Cal.Rptr.3d 740, 113 P.3d 534, 549–50 (2005); *State v. Abdullah*, 184 N.J. 497, 878 A.2d 746, 756–57 (2005); *State v. Louis*, 155 Wash.2d 563, 120 P.3d 936, 940–41 (2005); *cf. State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶¶ 65–67 (Ohio statute for consecutive sen-

tencing, which requires specific findings, violates *Blakely* ).

**2.** This requirement is mandatory in felony cases. In misdemeanor cases, sentence may be pronounced in the defendant's absence. *See* Tex.Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp.2005), art. 42.14 (Vernon 1979).

each of the six counts Aguilar was convicted of. The court pronounced sentence as follows:

> Aurelio Hernandez Aguilar, the jury having found you guilty, the Court finds you guilty and assesses your punishment therefor at confinement in the Institutional Division of the Texas Department of Criminal Justice on Count 1 for a term of 45 years. Count 2, you are sentenced to a period of 10 years in the Institutional Division of the Texas Department of Corrections [sic]. Count 3, it's the sentence of the Court that you be confined in the Institutional Division of the Texas Department of Criminal Justice for a period of 10 years. It is also the sentence of the Court, the jury having found you guilty and assessed your punishment, sentences you to confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 10 years. Count 5, the jury having found you guilty and assess your punishment in the Institutional Division of the Texas Department of Criminal Justice for a period of 10 years, sentences you to a period of 10 years. Count 6, the jury having found you guilty and assessed your punishment on Count 6 at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 15 years, the Court sentences you to a term of 15 years.

> I'm going to grant the State's motion to have the sentences run consecutively. In other words, they will be accumulating, and they will be stacked to the extent permissible by law.

Aguilar contends that, because the trial court omitted an express reference to "Count 4" during pronouncement, the court failed to pronounce sentence on this count. We disagree.

*Coffey* stands for the proposition that, if there is a "variation" between the oral pronouncement and the written judgment, the pronouncement will control. However, we do not agree that every "variation" will necessarily invoke the rule pronounced in *Coffey*. Rather, we read *Coffey* to mean that, if there is a conflicting variation, the oral pronouncement will control. *Cf. Taylor*, 131 S.W.3d at 500 ("When there is a *conflict* between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls.") (emphasis added); *Thompson*, 108 S.W.3d at 290 (same).

▇ Here, the pronouncement is ambiguous. In this situation, we hold that the jury's punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve the ambiguity. *Cf. Ward v. State*, 143 S.W.3d 271, 276 (Tex.App.-Waco 2004, pet. ref'd) (if it is argued that jury findings conflict, "appellate court must give a jury verdict a liberal construction, and, if the jury's intention may be reasonably ascertained, the verdict is sufficient"); *Luna v. State*, 70 S.W.3d 354, 359 (Tex.App.-Corpus Christi 2002, pet. ref'd) ("jury's verdict should be held good if the jury's intention can reasonably be ascertained"); *Perez v. State*, 21 S.W.3d 628, 631 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (same).

Here, the jury convicted Aguilar and assessed punishment for each of the six counts pleaded in the indictment. Aside from the trial court's omission of the phrase "Count 4," the court's pronouncement corresponds to the jury's punishment verdict. The written judgment unambiguously imposes sentence for each count, consistent with the jury's verdict and not inconsistent with the court's pronouncement.

Therefore, we hold that the ambiguity in the court's pronouncement of sentence

does not create a conflict sufficient to invoke the rule of *Coffey* and its progeny. Accordingly, we overrule Aguilar's second issue.

We affirm the judgment.