NO. 07-09-00211-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 26, 2010

---

CHRISTOPHER NELSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 9894; HONORABLE WILLIAM D. SMITH, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Christopher Nelson appeals from his conviction of two counts of sexual assault of a child and the resulting sentences of two years of imprisonment for each count. Through two issues, appellant contends the trial court erred when it pronounced sentence only on one conviction while contemporaneously ordering the sentences to run consecutively. We affirm the judgment of the trial court.

Background

Via a February 2007 indictment, appellant was charged with two separate counts of sexual assault on a child under the age of 17. A jury convicted appellant as charged

in the indictment and assessed punishment against him at two years of imprisonment for each count. Beginning its oral pronouncement of the sentences, the trial court said:

> This case was tried heretofore before a jury beginning on the 15th day of July, 2009. Mr. Nelson, you came before this Court and a jury and entered a plea of not guilty to the offense of Sexual Assault as set out in Count No. 1 and No. 2 of the indictment. The evidence was submitted and the jury was charged by this Court. And the jury returned a verdict of guilty to the offense of Sexual Assault under Count 1 of the indictment, and also a verdict of guilty to the offense of Sexual Assault under Count 2 of the indictment.
>
> The jury did assess your punishment in regard to Count No. 1 at two years confinement in the Texas Department of Criminal Justice, Institutional Division and a $10,000.00 fine.
>
> Furthermore, the jury did assess your punishment at a term of confinement of two years in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000.00 concerning punishment in regard to Count No. 2. It's the judgment of this Court you are guilty of both counts, and that your punishment in regard to both counts should be in accordance with the jury's verdict.
>
> ***
>
> All right. Then the Court finding nothing in bar why sentence of the law should not be pronounced against you, Christopher Nelson, who has been found to have been guilty of the offense Sexual Assault in Count 1 of the indictment; and also the offense of Sexual Assault under Count 2 in the indictment, the Court at this time does sentence you to serve two years confinement in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000.00 under the provisions of the law in regard to both cases.
>
> The Court will order that the service of these sentences run consecutively. The Court will also give you time credit against the service in each sentence in regard to the time you spent in jail prior here to [sic].

The written judgment states appellant's punishment to be: "Defendant's CONFINEMENT in the Institutional Division of the Texas Department of Criminal Justice for a period of TWO (2) YEARS and a FINE in the amount of $10,000.00 is assessed

2

against the Defendant in two counts and confinement in both counts shall run consecutive to each other."

## Analysis

Article 42.03, section 1(a) of the Code of Criminal Procedure provides that "sentence shall be pronounced in the defendant's presence." Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon 2009). Article 42.08 of the Code of Criminal Procedure grants the trial court authority to order sentences to run consecutively or concurrently. *See* Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon 2009).[1] Penal Code § 3.03 provides that when, as here, an accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, "a sentence for each offense for which he has been found guilty shall be pronounced." Tex. Penal Code Ann. § 3.03(a) (Vernon 2009).

At issue here is whether the sentence pronounced at trial was a separate pronouncement of sentence for each offense of which appellant was convicted or whether, as appellant contends, only a single pronouncement.

We consider the entirety of the trial court's oral pronouncement in determining whether a separate pronouncement for each offense was pronounced. *See, e.g., Aguilar v. State,* 202 S.W.3d 840, 843 (Tex.App.—Waco 2006, pet. ref'd) (the jury's punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve any ambiguity in the sentences). Here, the jury

---

[1] Appellant's offenses were violations of Penal Code section 22.011. Tex. Penal Code Ann. § 22.011(a)(2)(A) (Vernon 2009).

3

convicted appellant of two counts of sexual assault of a child and assessed punishment for each of the two counts pleaded in the indictment. And, while it might be the best practice for a trial court in such situations explicitly to address each count separately every time they are mentioned during its pronouncement, reading the entirety of the trial court's pronouncement here, it is clear to us the trial court addressed each count separately and separately assessed punishment for each count.

We overrule appellant's first issue. Our conclusion the trial court pronounced sentence separately for each offense makes unnecessary our consideration of appellant's second issue, which he presented in the alternative. *See* Tex. R. App. P. 47.1. Accordingly, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.