NO. 07-09-00211-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
26, 2010

 



 

CHRISTOPHER NELSON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 84TH DISTRICT COURT OF HUTCHINSON
COUNTY;

 

NO. 9894; HONORABLE WILLIAM D. SMITH, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Christopher Nelson appeals
from his conviction of two counts of sexual assault of a child and the
resulting sentences of two years of imprisonment for each count.  Through two issues, appellant contends the
trial court erred when it pronounced sentence only on one conviction while
contemporaneously ordering the sentences to run consecutively.  We affirm the judgment of the trial court.

Background

            Via
a February 2007 indictment, appellant was charged with two separate counts of
sexual assault on a child under the age of 17. 
A jury convicted appellant as charged in the indictment and assessed
punishment against him at two years of imprisonment for each count.  Beginning its oral pronouncement of the
sentences, the trial court said:

This case was tried heretofore before a jury beginning
on the 15th day of July, 2009. Mr. Nelson, you came before this
Court and a jury and entered a plea of not guilty to the offense of Sexual
Assault as set out in Count No. 1 and No. 2 of the indictment.  The evidence was submitted and the jury was
charged by this Court.  And the jury
returned a verdict of guilty to the offense of Sexual Assault under Count 1 of
the indictment, and also a verdict of guilty to the offense of Sexual Assault
under Count 2 of the indictment.

The jury did assess your punishment in regard to Count
No. 1 at two years confinement in the Texas Department of Criminal Justice,
Institutional Division and a $10,000.00 fine.

Furthermore, the jury did assess your punishment at a
term of confinement of two years in the Texas Department of Criminal Justice,
Institutional Division, and a fine of $10,000.00 concerning punishment in
regard to Count No. 2.  It’s the judgment
of this Court you are guilty of both counts, and that your punishment in regard
to both counts should be in accordance with the jury’s verdict.

                        ***

All right.  Then the Court
finding nothing in bar why sentence of the law should not be pronounced against
you, Christopher Nelson, who has been found to have been guilty of the offense
Sexual Assault in Count 1 of the indictment; and also the offense of Sexual
Assault under Count 2 in the indictment, the Court at this time does sentence
you to serve two years confinement in the Texas Department of Criminal Justice,
Institutional Division, and a fine of $10,000.00 under the provisions of the
law in regard to both cases.

The Court will order that the service of these
sentences run consecutively.  The Court
will also give you time credit against the service in each sentence in regard
to the time you spent in jail prior here to [sic]. 

 

            The
written judgment states appellant’s punishment to be: “Defendant’s CONFINEMENT
in the Institutional Division of the Texas Department of Criminal Justice for a
period of TWO (2) YEARS and a FINE in the amount of $10,000.00 is assessed
against the Defendant in two counts and confinement in both counts shall run
consecutive to each other.”  

Analysis

            Article 42.03,
section 1(a) of the Code of Criminal Procedure provides that "sentence shall be
pronounced in the defendant's presence." Tex.
Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon 2009).  Article 42.08 of
the Code of Criminal Procedure grants the trial court authority to order sentences
to run consecutively or concurrently. See Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon 2009).[1]
Penal Code § 3.03 provides that when, as here, an accused is found guilty of
more than one offense arising out of the same criminal episode prosecuted in a
single criminal action, “a sentence for each offense for which he has been
found guilty shall be pronounced.”  Tex. Penal Code Ann. § 3.03(a) (Vernon 2009).   

            At issue
here is whether the sentence pronounced at trial was a separate pronouncement
of sentence for each offense of which appellant was convicted or whether, as
appellant contends, only a single pronouncement.

            We
consider the entirety of the trial court’s oral pronouncement in determining
whether a separate pronouncement for each offense was pronounced.  See,
e.g., Aguilar v. State, 202 S.W.3d 840, 843 (Tex.App.—Waco
2006, pet. ref’d) (the jury's punishment verdict, the
court's pronouncement,
and the written judgment should be read together in an effort to resolve any ambiguity
in the sentences).    Here, the jury
convicted appellant of two counts of sexual assault of a child and assessed
punishment for each of the two counts pleaded in the indictment.  And, while it might be the best practice for a
trial court in such situations explicitly to address each count separately
every time they are mentioned during its pronouncement, reading the entirety of
the trial court’s pronouncement here, it is clear to us the trial court
addressed each count separately and separately assessed punishment for each
count.  

We overrule appellant’s first issue.  Our conclusion the trial court pronounced
sentence separately for each offense makes unnecessary our consideration of
appellant’s second issue, which he presented in the alternative.  See
Tex. R. App. P. 47.1.   Accordingly, we
affirm the judgment of the trial court.

                                                            

                                                                                                James
T. Campbell

                                                                                                            Justice

Do
not publish.  

 

            








 











[1]
Appellant’s
offenses were violations of Penal Code section 22.011.  Tex. Penal Code Ann. § 22.011(a)(2)(A) (Vernon 2009).