

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0408-CR
No. 07-12-0409-CR
No. 07-12-0410-CR

_____

Darrell Wayne Morris, Appellant

v.

The State of Texas, Appellee

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 63,776-E, 64,157-E, 64,174-E, Honorable Douglas Woodburn, Presiding

April 16, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Darrell Wayne Morris was convicted of three charges of delivery of a controlled substance (cocaine) in an amount of one gram or more but less than four grams in a drug-free zone. He was sentenced to eighty years confinement in each case, which punishment was enhanced due to a 2004 conviction of aggravated assault with a deadly weapon. Appellant complains on appeal that 1) there was no oral pronouncement that

the three sentences would run consecutive to the 2004 conviction and therefore that portion of the judgment must be reformed, and 2) to be barred from running concurrently with the 2004 judgment, the punishment itself must have been increased as a result of being within a drug-free zone as opposed to merely the punishment range being increased. We affirm the judgments.

*Oral Pronouncement*

Appellant argues that there was no oral accumulation order at sentencing but the trial court entered a written judgment that the sentences should run consecutively. It is true that the judgment is merely the written declaration and embodiment of the oral pronouncement, and that when they differ, the oral pronouncement controls. *Ex parte Madding,* 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Moreover, a court that wishes to cumulate sentences must make such an order at the time and place that sentence is orally pronounced. *Id.* at 136. However, we do not read the record the same as appellant.

The court stated: ". . . I do now receive that verdict, and I do sentence you to serve 80 years in the Texas Department of Corrections, Institutional Division, in each case. I will run those cases concurrently." It is clear from this that the trial court was running the three drug cases concurrently. When the State urged that those sentences run "[c]onsecutive to the sentence in Cause Number 40,931, the aggravated assault with a deadly weapon," the trial court responded by stating: "If that's the law, then, yes, I will make that order. If that is not the law, then I will ask trial counsel to let me know that and I'll make a different determination. All right?" Appellant's counsel answered: "Yes, sir." The record contains nothing to indicate that counsel ever notified the court

2

that the law required something different, and the judgments reflect that each drug case runs consecutive to the aggravated assault case. Appellant argues that the trial court's statement is conditional and therefore not an actual order.

If there is ambiguity in the pronouncement of sentence, the verdict, oral pronouncement, and written judgment should be read together to resolve the ambiguity. *Aguilar v. State,* 202 S.W.3d 840, 843 (Tex. App.–Waco 2006, pet. ref'd). Moreover, the context of the court's utterances should be considered. *See Hill v. State,* 213 S.W.3d 533, 536 (Tex. App.–Texarkana 2007, no pet.). Here, it is clear that all parties understood that the sentences would run consecutive to the 2004 conviction, and that is what is memorialized in the written judgments. *See id.* (stating that everyone understood the pronouncement to be what was incorporated into the written order). That being so, we find no error.

*Section 481.134(h) of the Health and Safety Code*

Appellant also argues for a different construction of § 481.134(h) of the Health and Safety Code. We overrule this issue as well.

The section at issue involves crimes occurring in drug-free zones and states that "[p]unishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute." TEX. HEALTH & SAFETY CODE ANN. § 481.134(h) (West Supp. 2012). In effort to negate the sentences levied against his client from running consecutively, appellant asks us to read the statute as requiring proof that the factfinder actually increased punishment because the crime occurred within a drug-free zone. It is not enough, in his

view, that the range of punishment to which he was susceptible be increased. We respectfully reject the request.

A statute is construed according to its plain meaning unless giving effect to such language would lead to absurd results that the legislature could not have intended. *Stringer v. State,* 241 S.W.3d 52, 59 (Tex. Crim. App. 2007). Here, appellant was convicted under § 481.112(c). For offenses punishable under that section, the minimum term of confinement or imprisonment is increased by five years and the maximum fine for the offense is doubled if the offenses occurred within a drug-free zone. TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1) (West Supp. 2012). Thus, the "punishment" for the offense is increased. To interpret the statute as appellant suggests would require the court to delve into the jury deliberation process and initiate some type of inquiry into whether the jurors actually increased punishment because of the crime's geographic relationship to particular buildings. Nothing in the statutes or rules provides for such an inquiry. Nor do we read them as evincing legislative intent mandating such invasiveness into the jury process. So we opt not to read the provision as requiring the same and instead leave the matter to other authorities to construe it differently if they so wish.[1]

The judgments are affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[1]The Court of Criminal Appeals is considering this issue. *See Ex parte Knight*, No. WR-78,490-02, 2013 Tex. Crim. App. LEXIS 99 (Tex. Crim. App. January 16, 2013).

4