

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00392-CR

ERNEST PHILLIP HERNANDEZ                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Ernest Phillip Hernandez appeals the sentence he received after he pleaded guilty to aggravated robbery and elected to have a jury assess punishment. In two issues, Hernandez argues that the trial court erred by

---

[1]*See* Tex. R. App. P. 47.4.

granting the State's challenge for cause to venireperson 35 and that the judgment should be modified to delete a $5,000 fine. We will affirm.

## II. NO HARM SHOWN BY EMPANELED JURY

In his first issue, Hernandez argues that the trial court committed reversible error when it granted the State's challenge for cause to venireperson 35. Hernandez first argues that the trial court erred by granting the State's challenge because the court erroneously excused venireperson 35 even though her responses to the State's questions demonstrated that she was impartial. Second, Hernandez argues that this caused him harm and that we should disregard the court of criminal appeals's decision in *State v. Jones*, in which the court held that the erroneous excusal of a veniremember calls for reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury; that is, whether the jurors who actually sat on the jury panel were impartial. 982 S.W.2d 386, 394 (Tex. Crim. App. 1998), *cert. denied*, 528 U.S. 985 (1999).

We decline the invitation to disregard binding precedent, and we hold that, under the proper legal standard articulated by the court of criminal appeals, even if the trial court erred by excusing venireperson 35, the alleged error does not call for reversal because Hernandez fails to show he was deprived of a lawfully constituted jury. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (reasoning that it "need not decide whether the trial judge erred" by excusing a specific venireperson when appellant failed to show he was deprived of a lawfully constituted jury).

2

Hernandez argues that the standard announced in *Jones* is "unduly burdensome" in light of select language found in the cases of *Jones*, the United States Supreme Court case of *Gray v. Mississippi*, and the court of criminal appeals's recent decision in *Gamboa v. State*. *See Gray v. Mississippi*, 481 U.S. 648, 658–59, 107 S. Ct. 2045, 2051–52 (1987); *see also Gamboa*, 296 S.W.3d at 584; *Jones*, 982 S.W.2d at 394. But Hernandez's reliance on select language found in these cases is misplaced. In *Gamboa*, the court of criminal appeals rejected a similar argument and reliance on the language found in *Gray*. *See Gamboa*, 296 S.W.3d at 580. In *Gamboa*, the appellant argued that under *Gray* the harmless-error doctrine does not apply when, as is alleged here, a trial court erroneously excuses a juror who is not disqualified as a matter of law. *Id.* In rejecting this argument, the court of criminal appeals reaffirmed the proposition announced in *Jones*—that reversal is required only when an error deprives a defendant of a lawfully constituted jury. *See id.*; *see also Jones*, 982 S.W.2d at 394. This court has recently rejected similar arguments as well. *See Robertson v. State*, No. 02-11-00361-CR, 2012 WL 2579593, at *3 (Tex. App.—Fort Worth July 5, 2012, pet. ref'd) (mem. op., not designated for publication). Thus, in order for this court to reverse under Hernandez's argument, the record must show that the jurors who actually sat were impartial. *See Gamboa*, 296 S.W.3d at 580.

Hernandez does not argue that an impartial juror sat on the jury. Instead, he argues that veniremember 38, who sat on the jury and who explained in voir dire that he had been the victim of multiple assaults but that he still unequivocally

3

could remain impartial, demonstrates that the trial court's excusal of veniremember 35 "could possibly have [ ] affected" the "composition of the jury panel as a whole." In short, Hernandez argues that veniremember 35 was a better choice to serve on the jury than veniremember 38. But, as explained above, this argument is predicated on select language found in *Jones*, *Gray*, and *Gamboa*, and does not reflect the well-established rule that in order to show harm, an appellant must demonstrate that he was deprived of a lawfully constituted jury. *Gray*, 481 U.S. at 658–59; *Gamboa*, 296 S.W.3d at 580; *Jones*, 982 S.W.2d at 394. Hernandez fails to even make an argument that such harm occurred. *Robertson*, No. 02-11-00361-CR, 2012 WL 2579593, at *3 ("[A]s Robertson has not argued or shown—and the record does not reflect—that the jurors who served in his trial were not qualified, we conclude that he was not deprived of a lawfully constituted jury."); *see also Jones*, 982 S.W.2d at 393 (stating that "[t]he defendant's only substantial right is that the jurors who do serve be qualified," and that "[t]he defendant's rights go to those who serve, not to those who are excused"). We overrule Hernandez's first issue.

### III. THE FINE

In his second issue, Hernandez argues that we should reform the judgment to delete the $5,000 fine, even though the jury assessed the fine, because the trial court did not orally pronounce it and it therefore should not have been included in the judgment.

4

"A defendant's sentence must be pronounced orally in his presence. The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. When there is a conflict between the oral pronouncement of the sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (footnotes omitted); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). But if the oral pronouncement is merely ambiguous, as opposed to a genuine conflict, the jury's punishment verdict, the court's pronouncement, and the written judgment should all be read together in an effort to resolve the ambiguity. *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.— Waco 2006, pet. ref'd).

Here, as the jury returned its punishment verdict, the following exchange occurred:

THE COURT: Okay. As I understand it, Mr. Tucker, the Jury has arrived at a verdict; is that correct?

FOREMAN TUCKER: Yes, sir.

THE COURT: Okay. And the verdict is unanimous, that is the -- the vote of each and every juror?

FOREMAN TUCKER: Yes, sir.

THE COURT: Okay. Thank you. "We the Jury, find the Defendant, Ernest Phillip Hernandez, guilty of the offense of aggravated robbery as alleged in the indictment and do further find that it is true that the said person is the same person who, prior to the commission of that offense, has previously -- has been previously convicted of the felony offense alleged. We, the jury, assess his punishment at confinement in the Texas Department of Criminal

5

Justice, Institutional Division, for a term of 99 years and a fine of $5,000." Signed by Jay Scott Tucker, Presiding Juror.

After this exchange, the jurors were polled and each juror acknowledged that the verdict as read was in fact his or her verdict. The trial court then proceeded to pronounce sentence:

> THE COURT: Okay. Ernest Phillip Hernandez, the Jury having arrived at a verdict of imprisonment for you for the term of 99 years and a $5,000 fine, I hereby sentence you to serve 99 years in the Texas Department of Criminal Justice, Institutional Division. You will receive credit for any time you've already served in relation to this offense in jail. So with that, Sheriff, you can go ahead -- now, we're going to need to have the Defendant here for the judgment and the -- but other than that, so . . .
>
> THE DEFENDANT: They can't take my spirit. It doesn't matter what they do. They can't take my spirit.
>
> THE COURT: You'll have to quit talking, sir. With that you are -- could you possibly move him over just a little bit as the jury files out?
>
> [Prosecutor]: Judge, did you read his fine as well?
>
> THE COURT: I did, $5,000.

We conclude that the trial court's oral pronouncement in this case is potentially ambiguous because when the trial court stated, "I hereby sentence you," it announced only the prison term and not the fine. But considering together the trial court's having read aloud the jury's verdict assessing punishment at ninety-nine years and a $5,000 fine, the trial court's having announced the fine immediately preceding its pronouncement of sentence and again after having been prompted by the State in Hernandez's presence, and

6

because the written judgment recites that the jury assessed ninety-nine years' confinement and a $5,000 fine, any potential ambiguity is resolved. *See Taylor*, 131 S.W.3d at 500; *see also Aguilar*, 202 S.W.3d at 843. We overrule Hernandez's second issue.

## IV. CONCLUSION

Having overruled both of Hernandez's issues, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 17, 2014