**Affirmed and Opinion Filed May 12, 2015**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-00629-CR**

**No. 05-14-00630-CR**

**STAFFON LADARIUS-DELA SPARKS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-0825612-M, F-0840995-M**

# MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

This case involves an ambiguity in the oral pronouncement of Sparks' sentence. In a single issue, Sparks contends he is entitled to a new sentencing hearing in his aggravated robbery with a deadly weapon case because his sentence was not orally pronounced. We conclude that there was an oral pronouncement, and although it was ambiguous, the ambiguity can be resolved. We therefore affirm the trial court's judgments.

## BACKGROUND

Pursuant to plea agreements, Sparks pled guilty to unlawful possession of a controlled substance (cause number F08-25612-M) and aggravated robbery with a deadly weapon (cause number F08-40995-M). The court accepted the pleas and found the evidence sufficient to prove

Sparks' guilt and placed Sparks on deferred adjudication probation for each offense. The court also assessed a $1,500 fine and $4,300 restitution in the aggravated robbery case.

The State subsequently filed motions to adjudicate guilt. Sparks pled true to the allegations in the motions in an agreed plea for five years' imprisonment in each case.

On April 10, 2014, the court held a hearing on both cases. During the hearing, the judge told Sparks that the court was not going to follow the plea agreements. Sparks was given the opportunity to confer with counsel, but the judge warned him, "[i]f you continue with the plea[s], I will give you ten years in each case." The court recessed the hearing to give Sparks time to decide if he wanted to withdraw his pleas and enter pleas of not true.

The hearing continued on April 14, 2014 and the court called cause number F08-40995 (the aggravated robbery case). Sparks continued to plead true. In sentencing Sparks, the judge stated:

> I grant the State's motion and adjudicate the defendant's community supervision, and find him guilty of **possession of a controlled substance** as charged in the indictment, and sentence the defendant to ten years confinement . . . .

(Emphasis added).

On April 17, 2014, the trial court held a sentencing hearing and referenced cause number F08-25612, the unlawful possession of a controlled substance case. In the oral pronouncement of Sparks' sentence, the court stated:

> I grant the State's motion. I find the defendant guilty of unlawful possession of a controlled substance, and I sentence defendant pursuant to the plea bargain agreement, five years in the Institutional Division of The Texas Department of Criminal Justice.

The judge also said:

> I know your other case you were sentenced to ten years. This case will run concurrently with that sentence . . . The other case, I did give you ten years and that sentence still stands.

–2–

The judgment for cause number F08-25612, the unlawful possession of a controlled substance case, shows the sentence as "5 years TDCJ." The judgment for cause number F-08-40995, the aggravated robbery with a deadly weapon case, shows the sentence as "10 years Institutional Division, TCDJ."

**ANALYSIS**

In a single issue, Sparks asserts he was entitled to a new sentencing hearing in the aggravated robbery case because there was no oral pronouncement of his sentence.

Sentence shall be pronounced in the defendant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 §11(a) (West Supp. 2012); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Taylor*, 131 S.W.3d at 500. When there is a variation between the oral pronouncement of a sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). But if the oral pronouncement is merely ambiguous, the punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve the ambiguity. *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet ref'd). The context of the court's utterances should also be considered. *See Hill v. State*, 213 S.W.3d 533, 536 (Tex. App.—Texarkana 2007, no pet.).

Here, there was an oral pronouncement of punishment in the aggravated robbery case, but the judge's inadvertent reference to the possession case made that pronouncement ambiguous. Viewing this ambiguity in context, however, it is clear that the court pronounced a ten year sentence in the aggravated robbery case and a five year sentence in the unlawful possession of a controlled substance case.

At the beginning of the April 14 hearing, the court announced that the hearing was on case number F08-40995 (the aggravated robbery case). Within that context, the court orally pronounced a ten year sentence. The judgment in the aggravated robbery case reflects this ten year sentence.

When the court conducted the hearing on the unlawful possession of a controlled substance case, the court referenced the correct cause number and pronounced a sentence of five years' imprisonment. The judgment reflects this pronouncement. The judge also observed that Sparks had been sentenced to ten years' imprisonment in "the other case." Since there was no question that the court had just pronounced the sentence in the possession case, the reference to "the other case" could only have referred to the aggravated robbery case.

Therefore, despite the judge's mistaken reference to the possession case during the pronouncement of the sentence in the aggravated robbery case, "the context of the oral pronouncement makes clear that all understood the pronouncement to be what was ultimately incorporated into the written order." *See Hill*, 213 S.W.3d at 536–37. Sparks' issue is overruled. The trial court's judgments are affirmed.

Do Not Publish
TEX. R. APP. P. 47
140629F.U05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STAFFON LADARIUS-DELA SPARKS,
Appellant

No. 05-14-00629-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-0825612-M.
Opinion delivered by Justice Whitehill.
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 12, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STAFFON LADARIUS-DELA SPARKS,
Appellant

No. 05-14-00630-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-0840995-M.
Opinion delivered by Justice Whitehill.
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 12, 2015.