**Affirmed and Opinion Filed June 6, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-15-00231-CR
_____

## HENRY RENE CAZARES JR., Appellant

### V.

## THE STATE OF TEXAS, Appellee

_____

### On Appeal from the 363rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1223715-W

_____

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Evans
Opinion by Chief Justice Wright

Henry Rene Cazares, Jr., pleaded guilty to aggravated assault with a deadly weapon and elected for the jury to assess punishment. After a hearing, the jury assessed punishment at six years' confinement and a $10,000 fine. The trial court ordered the fine to be withdrawn from appellant's inmate trust account. In two issues, appellant contends the trial court's judgment and the order to withdraw funds should be modified to delete the fine because the trial court did not orally pronounce the fine during sentencing. Because the ambiguity in the oral pronouncement is resolved to include the fine, we affirm the trial court's judgment.

### Background

When the jury returned its sentencing verdict, the following exchange occurred:

THE COURT: Is your verdict as follows: We, the jury, having heretofore found the Defendant guilty of the offense of aggravated assault, as charged in the indictment, assess his punishment at six years in the penitentiary, and a $10,000 fine?

PRESIDING JUROR: Yes, ma'am.

THE COURT: And that is the unanimous verdict of the jury?

PRESIDING JUROR: Yes, ma'am.

THE COURT: Thank you very much, ma'am. You may be seated.

Does either side wish to have the jury polled?

MR. PFEIFFER: No, [y]our Honor.

MS. SANCHEZ: No.

THE COURT: All right. Mr. Cazares, the jury having found you guilty of aggravated assault with a deadly weapon and having assessed punishment at six years' confinement in the penitentiary, it is therefore the Order, Judgement [sic], and Decree of this Court that you be taken by the Sheriff of Dallas County and by her safely held for transfer to an authorized receiving agency of the Texas Department of Criminal Justice wherein you shall be confined for a period of six years or until this sentence is otherwise discharged according to law. Good luck to you.

The trial court did not orally pronounce a fine, but the judgment and the order to withdraw funds both reflected a $10,000 fine.

**Discussion**

The trial court's sentence of the defendant must be orally pronounced in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2015); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). A fine is part of a sentence. *State v. Crook*, 248 S.W.3d 172, 174 (Tex. Crim. App. 2008). A judgment, including the sentence assessed, is "merely the written declaration and embodiment of that oral pronouncement." *Taylor v. State*, 131 S.W.3d at 500; *see* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West Supp. 2015). The oral pronouncement of the sentence generally controls conflicts between the oral pronouncement

and the written judgment. *Taylor*, 131 S.W.3d at 500; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). But this rule is not absolute. *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd) (holding the *omission* of the phrase "Count 4" made the oral pronouncement ambiguous) (emphasis added). When the oral pronouncement is ambiguous, "the jury's punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve the ambiguity." *Aguilar*, 202 S.W.3d at 843. Further, the trial court's judgment must conform to the jury's verdict. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(7) (West Supp. 2015); *see State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996).

Here, in the appellant's presence, the court read aloud the jury's verdict that included a $10,000 fine. Next, the judge asked the presiding juror if the verdict was unanimous which was answered in the affirmative. Immediately after the judge asked if the State or defense wished to have the jury polled, the judge stated the appellant would be taken by the authorities to be "confined for a period of six years[.]" The judge intended to sentence the appellant in accordance with the jury's verdict when the judge orally pronounced the appellant's sentence immediately after reading aloud the jury's unanimous verdict that included the fine. The trial court simply omitted the fine when orally pronouncing the appellant's sentence. When context of the oral pronouncement is considered, it is "clear that all understood the pronouncement to be what was ultimately incorporated into the written order." *Hill*, 213 S.W.3d at 536. The written judgment imposing the fine is consistent with the jury's verdict. When the jury's verdict, oral pronouncement, and written judgment are read together, the ambiguity in the oral pronouncement is resolved to include the fine. *See Aguilar*, 202 S.W.3d at 843. We overrule both of appellant's issues.

Accordingly, we affirm the trial court's judgment.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

150231F.05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HENRY RENE CAZARES JR., Appellant

No. 05-15-00231-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1223715-W.
Opinion delivered by Chief Justice Wright.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered June 6, 2016.