

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-19-00028-CR
07-19-00029-CR
07-19-00030-CR

GILBERT MENDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 399th District Court
Bexar County, Texas
Trial Court Nos. 2016-CR-4055, 2016-CR-6068, 2016-CR-6069,
Honorable Laura Parker, Presiding

June 25, 2019

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Gilbert Mendez, appellant, appeals his three convictions for aggravated assault with a deadly weapon. After a jury trial, appellant was found guilty and punishment was assessed, according to the judgments, by the trial court at fifty years in prison for each of the three convictions. Appellant filed an appeal and counsel was appointed.[1]

---

[1] Because this appeal was transferred from the Fourth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. See TEX. R. APP. P. 41.3.

Appointed counsel filed a motion to withdraw and an *Anders*[2] brief in the three causes. Through those documents, counsel certified that, after diligently searching the record, the appeals were without merit. Accompanying the brief and motion is a copy of a letter informing appellant of his counsel's belief that there was no reversible error and of appellant's right to file a response, *pro se*. So too did the letter indicate that a "Motion for Pro Se Access to the Appellate Record" was provided and a copy of same was attached to counsel's motion to withdraw. Appellant filed a response.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal, which included 1) the trial court's jurisdiction, 2) the indictments, 3) appellant's competency to stand trial since competency was an issue requiring appellant to undergo three competency evaluations, 4) the denial of a motion to quash the indictments, and 5) whether the evidence was sufficient to support guilt. Counsel then explained why the issues lacked merit. However, we conducted our own review of the record and appellant's response to assess the accuracy of counsel's conclusions and to uncover any arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 508 (Tex. Crim. App. 1991) (en banc).

Our review of those matters resulted in the discovery of an arguable issue. It pertains to the oral pronouncement by the trial court of the sentence it assessed. It only spoke of one cause number, 2016-CR-4055, when finding that enhancement paragraphs were true, restitution owed and the affirmative finding of a deadly weapon. The other two

---

[2] *See Anders v. California,* 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

causes, 2016-CR-6068 and 2016-CR-6069, were not mentioned, even though the trial court referenced the other two unnamed complainants concerning the amount of restitution owed them which was to be determined "at a later date." *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) (holding that if there is no oral pronouncement of any sentence then there is no valid conviction from which appellant can appeal and the Court of Appeals was correct in dismissing the appeal for want of jurisdiction); *see also Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd) (holding that an ambiguity was created when the oral pronouncement did not include punishment for Count 4, however it was corrected when the written judgment corresponded to the jury verdict).

Counsel having represented to this Court that no arguable issue appears of record, counsel's motion to withdraw is granted. We also abate and remand all three causes to the trial court and order it to appoint, on or before July 23, 2019, new counsel to represent appellant in each appeal. A copy of the order appointing new counsel shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before July 24, 2019. Newly appointed counsel will then file an appellant's brief conforming to the Texas Rules of Appellate Procedure and addressing the issues mentioned above and any other issue counsel deems arguable. The deadline to file said appellant's brief is August 26, 2019, unless extended by the Court.

Per Curiam

Do not publish.