**Affirmed as modified; Opinion Filed November 26, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01230-CR
### No. 05-18-01231-CR

**DAMARCUS KEONJAY JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-76416-Q & F17-76473-Q**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Appellant Damarcus Keonjay Johnson was indicted in two cases for aggravated robbery. He ultimately entered open pleas of guilty with a negotiated punishment range. Following a consolidated punishment hearing during which the trial court heard punishment evidence on both cases, the court sentenced appellant to forty-five years' imprisonment in both cases, to be served concurrently. The trial court made an affirmative deadly-weapon finding in each case. Appellant argues the trial court did not orally pronounce sentence in one case and that it lacked jurisdiction to hear either case and render judgment because they were not properly transferred to its docket. The State brings two cross-issues seeking modifications of both judgments. As modified, we affirm the trial court's judgments.

DISCUSSION

## 1. Pronouncement of Sentence

In his first issue in appeal number 05–18–01230–CR, appellant argues the trial court erred by not orally pronouncing sentence on the record, thereby violating section 3.03(a) of the Texas Penal Code.

The record shows that in appellate cause number 05–18–01230–CR (trial court cause number F17-76416-Q), appellant appeared before the court and the parties selected a jury. Appellant ultimately chose to plead guilty to the jury, with a negotiated punishment range of five to forty-five years. The jury found appellant guilty as charged in the indictment. Appellant then elected to enter an open plea of guilty to the second aggravated robbery, cause number 05–18–01231–CR (trial court cause number F17-76473-Q), again with a negotiated punishment range of five to forty-five years.

The court held a consolidated punishment hearing where it heard evidence regarding the two aggravated robberies. At the end of that hearing, the trial court announced:

> THE COURT: Then, Mr. Johnson, I will accept your plea of guilt [sic] in Cause No. F17–76473 [appeal number 05–18–01231–CR], and I will accept the jury's verdict in the other case. The Court finds you guilty of aggravated robbery with a deadly weapon, and the Court sets your punishment at 45 years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The Court will also make an affirmative finding that a deadly weapon, namely a firearm, was used or exhibited in this offense.
>
> Is there any legal reason why your sentence should not now be imposed?
>
> [DEFENSE COUNSEL]: No, Your Honor.
>
> THE COURT: It is therefore the order, judgment, and decree of the Court that you be taken by the Sheriff of Dallas County and safely transported by her to an agent or representative of the Texas Department of Criminal Justice, and your sentences will begin today, and you will get credit of any back time that you have, but you'll be confined there until these sentences are discharged. Off the record.

The trial court's written judgment in each cause reflects a sentence of forty-five years'

imprisonment, with each sentence to be served concurrently.

The code of criminal procedure provides that sentence shall be pronounced in the defendant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Section 3.03 of the penal code provides that when an accused is "found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced." *See* TEX. PENAL CODE ANN. § 3.03(a).

"The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Taylor*, 131 S.W.3d at 500. "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Id.* If, however, the oral pronouncement is merely ambiguous, the punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve the ambiguity. *See Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet ref'd) ("Aside from the trial court's omission of the phrase 'Count 4,' the court's pronouncement corresponds to the jury's punishment verdict. The written judgment unambiguously imposes sentence for each count, consistent with the jury's verdict and not inconsistent with the court's pronouncement."); *Cazares v. State*, No. 05–15–00231–CR, 2016 WL 3144274, at *2 (Tex. App.—Dallas June 6, 2016, no pet.) (mem. op., not designated for publication) (although trial court omitted fine when orally pronouncing sentence, when jury's verdict, oral pronouncement, and written judgment are read together, ambiguity in oral pronouncement is resolved to include the fine); *Sparks v. State*, Nos. 05–14–00629–CR & 05–14–00630–CR, 2015 WL 2250242, at *2 (Tex. App.—Dallas May 12, 2015, no pet.) (mem. op., not designated for publication) (although trial court mistakenly referenced wrong case in imposing first of appellant's two sentences, record as a whole showed trial court's intended sentences and

resolved any ambiguity in court's oral pronouncement). The context of the trial court's utterances should also be considered. *See Hill v. State*, 213 S.W.3d 533, 536 (Tex. App.—Texarkana 2007, no pet.); *Sparks*, 2015 WL 2250242, at *2.

Appellant argues that the trial court's pronouncement of sentence violated section 3.03(a) because no sentence was pronounced in cause 05–18–01230–CR, where the jury found appellant guilty as charged based on appellant's plea, yet a judgment was entered assessing a concurrent sentence of forty-five years. But even if we assume the trial court's oral pronouncement was ambiguous, the record shows the trial court initially referenced both of appellant's cases, announcing it accepted the jury's guilty verdict in 05–18–01230–CR and the guilty plea in 05–18–01231–CR. Immediately after referencing both convictions, the court found appellant guilty of aggravated robbery with a deadly weapon and orally sentenced appellant to forty-five years' imprisonment. Just after that announcement, the trial court imposed appellant's sentences, stating that his pronounced *sentences* would begin that day, and he would be confined until his *sentences* were discharged. The written judgment in each case unambiguously reflects that the trial court imposed concurrent sentences of forty-five years, and there is no inconsistency with the trial court's pronouncement. *See Aguilar*, 202 S.W.3d at 843. Read together, the verdict, the oral pronouncement, and the written judgments show the trial court imposed on appellant two concurrent sentences of forty-five years' imprisonment. Thus, the totality of the record resolves any ambiguity in the pronouncement of sentence, and we overrule appellant's first issue.

### 2. Jurisdictional Challenges

In his second issue in 05–18–01230–CR and his sole issue in 05–18–01231–CR, appellant argues the trial court lacked jurisdiction to hear the instant cases and render judgment because the cases were not properly transferred to its docket.

When, as in this case, a defendant fails to file a plea to the jurisdiction, he waives any right

to complain that a transfer order does not appear in the record. *See Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd); *Mills v. State*, 742 S.W.2d 831, 834–35 (Tex. App.—Dallas, 1987, no writ.); *Thompson v. State*, No. 05–14–00139–CR, 2014 WL 7399300, at *2 (Tex. App.—Dallas Dec. 15, 2014, pet. ref'd) (mem. op., not designated for publication). Appellant did not file a plea to the jurisdiction. In fact, the record shows that he appeared before the court and pleaded guilty, judicially confessed, and waived all objections to the indictments without raising any such complaint.

Furthermore, even if appellant had preserved his complaint for our review, we have considered and rejected this argument on numerous occasions, concluding a transfer order is not required in the first court where the indictment is filed after the grand jury returns it. *See, e.g., Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd); *Hopkins v. State*, No. 05–17–01344–CR, 2018 WL 5024023, at *1 (Tex. App.—Dallas Oct. 17, 2018, no pet.) (mem. op., not designated for publication); *Hines v. State*, No. 05–17–00416–CR, 2017 WL 6276005 at *1–2 (Tex. App.—Dallas December 11, 2017, no pet.) (mem. op., not designated for publication); *Hawkins v. State*, No. 05–15–00859–CR, 2016 WL 335702, at *1 n. 1 (Tex. App.—Dallas January 27, 2016, no pet.) (mem. op., not designated for publication) (noting that "[w]e have cited *Bourque* forty-two times rejecting the argument raised by appellant."). In each case, the "writ" ordering service of the indictment on appellant is captioned "204th Judicial District Court of Dallas County, Texas," and it was issued the same day (October 25, 2017 in 05–18–01230–CR; November 3, 2017 in 05–18–01231–CR) that each true bill of indictment was filed in that court. As we have pointed out many times before under virtually identical circumstances, the trial court had jurisdiction to hear appellant's cases and render judgment. We overrule appellant's second issue.

### 3. State's Cross-Issues

The State brings two cross-issues in each appeal seeking modifications of both judgments.

In its first cross-issue in both cases, the State points out that the court's written judgments show appellant's first name as "Demarcus."  However, during appellant's plea hearing defense counsel informed the trial court that appellant's "true and correct name is Damarcus Johnson," and that the parties had modified appellant's plea paperwork to reflect the correct spelling of appellant's first name—i.e., "Damarcus."

In the second cross-issue, the State argues the written judgments incorrectly identify "Dmitri Anagnostis" as the attorney for State, but the reporter's record shows that "Dimitrios Anagnostis" represented the State.  Similarly, the written judgments list "Stephanie Huggins" as the attorney for the defendant.  Yet, throughout the proceedings below, the reporter's record refers to defense counsel as "Ms. Hudgins-Woodward," and, under appearances, the reporter's record lists the attorney representing the defendant as "Honorable Stephani S. Hudgins, Law Office of Stephani Hudgins-Woodward."

We may modify a trial court's written judgment if the necessary information to do so is contained in the record.  TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd); *Luna v. State*, No. 05–17–01188–CR, 2018 WL 3490875, at *2 (Tex. App.—Dallas July 20, 2018, no pet.) (mem. op., not designated for publication); *Starnes v. State*, No. 05–08–00795–CR, 2010 WL 1981792, at *5 (Tex. App.—Dallas May 19, 2010, no pet.) (mem. op., not designated for publication).

We have concluded that there is a sufficient basis in the record to support the modifications of both judgments requested by the State.  Accordingly, we will modified the judgments to reflect that (1) the correct spelling of appellant's first name is "Damarcus"; (2) the attorney for the State

was "Dimitrios Anagnostis"; and (3) the attorney for the defendant was "Stephani Hudgins-Woodward." *See Asberry*, 813 S.W.2d at 529–30.

/Lana Myers/
                      LANA MYERS
                      JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
181230F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEMARCUS KEONJAY JOHNSON,
Appellant

No. 05-18-01230-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F17-76416-Q.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

    * To reflect appellant's name as "Damarcus Keonjay Johnson"

    * The portion of the judgment entitled "Attorney for State:  Dmitri Anagnostis," should be changed to read, "Attorney for State:  Dimitrios Anagnostis"

    * The portion of the judgment entitled "Attorney for Defendant:  Stephanie Huggins," should be changed to read, "Attorney for Defendant:  Stephani Hudgins-Woodward"

As **REFORMED**, the judgment is **AFFIRMED**.  We direct the trial court to prepare a new judgment that reflects these modifications.

Judgment entered this 26th day of November, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEMARCUS KEONJAY JOHNSON, Appellant

No. 05-18-01231-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-76473-Q.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

* To reflect appellant's name as "Damarcus Keonjay Johnson"

* The portion of the judgment entitled "Attorney for State:  Dmitri Anagnostis," should be changed to read, "Attorney for State:  Dimitrios Anagnostis"

* The portion of the judgment entitled "Attorney for Defendant:  Stephanie Huggins," should be changed to read, "Attorney for Defendant:  Stephani Hudgins-Woodward"

As **REFORMED**, the judgment is **AFFIRMED**.  We direct the trial court to prepare a new judgment that reflects these modifications.

Judgment entered this 26th day of November, 2019.