**Affirmed; Opinion Filed June 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00004-CR

### JAQUALYN LABRUN JACKSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F11-41279-J**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

Appellant Jaqualyn Labrun Jackson was indicted for the offense of capital murder. After he pleaded not guilty, a jury found him guilty of the lesser included offense of murder and assessed his punishment at eighteen years' imprisonment and a $10,000 fine. In four issues, appellant argues that the trial court erred by admitting testimony and exhibits, that this Court should reform the judgment to delete the fine, and that the evidence is insufficient to support the trial court's assessment of court costs. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm.

## ADMISSION OF PREVIOUS TESTIMONY

In his first issue, appellant argues that the trial court abused its discretion in admitting his testimony from the trial of his co-defendant Ladarell Barber.

### Background

The indictment against appellant alleged that appellant intentionally caused the death of Zane Crockett by shooting Crockett with a firearm while in the course of committing and attempting to commit robbery of Crockett. During appellant's trial, the trial court admitted appellant's testimony from his co-defendant Barber's trial and portions of that testimony were read to the jury.

Prior to admission of the testimony and at the beginning of trial outside of the presence of the jury, the State expressed that it intended "to offer his statements as [a] statement by a party opponent, which is not hearsay, in our case in chief." Appellant objected that the testimony was not authenticated and was hearsay. The State responded that rule of evidence "802 [sic] clearly states that prior statements by a witness by a party opponent is not hearsay." The trial court concluded that, if the State could lay the proper predicate, "we'll proceed with it."

During a subsequent sub rosa hearing, appellant argued that admission of his previous testimony "does not fit with any exception to hearsay, when his Fifth Amendment privilege is not being honored."[1] The State responded that the testimony was "specifically excluded under the rules of hearsay." The State also argued that "[t]his is a statement made against the defendant's . . . interests." The State contended that "this is a statement made in a judicial proceeding under oath, and Rule 802 [sic] clearly states that a statement . . . made in such matter, where it is an assertion of fact adopted . . . by a part [sic] by a defendant, it is not hearsay."

---

[1] Appellant does not raise a Fifth Amendment argument on appeal.

The trial court concluded that "[t]his is the statement that was made by the defendant in another proceeding" and "the defendant was on the stand and the Court presided over that trial, and it was clear that he understood that he had a right not to testify, and he had an attorney present and that he could talk to an attorney if he chose to, that he did not have to take the stand." The court ruled that it would allow the State to use it in its case in chief. After further arguments by appellant, the court stated: "Your client made the statement. It's a statement against interest and the Court is allowing it in."[2]

During another sub rosa hearing, the court stated that the "Court believes this is an exception under Rule 804."[3] The State later offered a portion of the testimony to show that appellant's previous testimony was a statement against interest. That portion read:

> Q. Jaqualyn, you knew you were in a lot of trouble for just being involved in this, didn't you?
>
> A. Yes, sir.
>
> Q. And, in fact, you're in a lot of trouble for your involvement in this and you understand that you're going to the penitentiary?
>
> A. Yes, sir.

Subsequently in open court, the State offered a self-authenticating, certified copy of the transcript of the previous proceeding for record purposes and, as a separate exhibit, the portions of the transcript that the State intended to offer. The court stated that appellant's running objection had already been overruled and appellant did not need to assert it again. Appellant also objected on the grounds that the testimony was hearsay and hearsay within hearsay, that the

---

[2] The court granted appellant a running objection.

[3] During the sub rosa hearings, appellant submitted various objections—in addition to his Fifth Amendment objection—to the admission of his testimony from the prior proceeding: (1) under *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004), on the grounds that the testimony was testimonial and appellant was available, (2) because testimony by a witness concerning the testimony "would be hearsay within hearsay[,]" (3) because it was a violation of appellant's presumption of innocence, and (4) because appellant had not pled guilty or been convicted and, as a result, it was impermissible to call a witness to testify to what he said at the co-defendant's trial. Appellant also argued that admission of the previous testimony was a violation of due process and of article 1, sections 9 and 10 of the Texas Constitution. Appellant does not raise these arguments on appeal.

document was not self-authenticating, and that no predicate had been laid. The trial court overruled these objections and admitted both exhibits.

## Standard of Review and Applicable Law

We review a trial court's decision to admit evidence for an abuse of discretion. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). We will uphold a trial court's decision to admit evidence when it is reasonably supported by the record and correct under any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, that is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay statements are not admissible except as provided by statute, the rules of evidence, or a rule prescribed pursuant to statutory authority. TEX. R. EVID. 802. However, a statement is not hearsay if it is offered against a party and is the party's own statement. TEX. R. EVID. 801(e)(2)(A); *see Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999) ("Rule 801(e)(2)(A) plainly and unequivocally states that a criminal defendant's own statements, when being offered against him, are not hearsay."). The logic behind qualifying a party's own statements as not hearsay and as admissible is "that a party is estopped from challenging the fundamental reliability or trustworthiness of his own statements." *Trevino*, 991 S.W.2d at 853. In addition, party admissions—unlike statements against interest—need not be against the interest of the party to be admissible but need only to be offered as evidence against the party. *Id.*

In addition, a hearsay statement is admissible as an exception to the hearsay rule if the statement is a statement against interest that exposes the declarant to criminal liability and that is corroborated by circumstances clearly indicating the trustworthiness of the statement. *See* TEX. R. EVID. 803(24). Another exception allows admission of former testimony (1) by a declarant

–4–

that is unavailable as a witness (2) that was given as a witness at another hearing of the same or a different proceeding (3) if the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. *See* TEX. R. EVID. 804(b)(1).

## Arguments of the Parties

Appellant argues that the trial court erred in admitting his testimony from his co-defendant's trial because the testimony did not qualify as statements against interest. *See* TEX. R. EVID. 803(24). Appellant contends that, although appellant objected to admission of the testimony on numerous grounds, the court "ultimately admitted it as a statement against interest." Appellant bases his position on the court's statement: "It's a statement against interest and the Court is allowing it in." Appellant contends that the statement was not sufficiently against appellant's interest to qualify as a statement against interest under rule of evidence 803(24) because the statement did not subject him to criminal liability and merely shifted the blame to his co-defendant Barber. *See id.* Appellant also argues that, because the admitted testimony was the only evidence that clearly placed him at the scene of the crime with his co-defendant and that described appellant's conduct at the time of the offense, it cannot be shown beyond a reasonable doubt that the erroneous admission of the testimony did not contribute to his conviction. Appellant contends that, as a result, he is entitled to a new trial.

The State argues that the court did not err by admitting appellant's prior testimony because it was not hearsay as it qualified as a statement by a party opponent. Citing *Prystash v. State*, 3 S.W.3d 522, 528 (Tex. Crim. App. 1999), the State notes that this Court must uphold evidentiary rulings on appeal if the trial court's admission of the testimony was correct on any theory of law applicable to the case. The State contends that, as a result, it is not necessary for

this Court to reach appellant's argument that the testimony does not fall under an exception to the hearsay rule.

The State also argues that, if this Court finds that appellant's former testimony was hearsay, the testimony was nevertheless admissible as a statement against interest because appellant admitted to being a party to the offense and acknowledged that he would go to prison as a result, and the testimony exposed appellant to criminal liability. *See* TEX. R. EVID. 803(24). The State contends that the testimony included both self-inculpatory and "blame-sharing" statements and that evidence corroborated the trustworthiness of the statements. In addition, the State argues that the trial court did not err when it ruled that the testimony was also admissible under the former testimony exception to the hearsay rule. *See* TEX. R. EVID. 804(b)(1). The State contends that (1) appellant was unavailable as a witness because he invoked his Fifth Amendment privilege not to testify, (2) the testimony was given by appellant as a witness at another hearing of the same or different proceeding, and (3) appellant had the opportunity to develop appellant's testimony.

In addition, the State contends that no harm resulted from admission of appellant's former testimony because corroborating evidence linked appellant to the scene and the murder and there was no reference to the fact that appellant testified in the trial of his co-defendant or to the nature of the previous proceeding.

**Analysis**

Appellant complains of admission of his own statements. Under rule 801(e)(2)(A), his statements from the previous trial that were offered against him are not hearsay. TEX. R. EVID. 801(e)(2)(A); *see Bell v. State*, 877 S.W.2d 21, 24 (Tex. App.—Dallas 1994, pet. ref'd) (stating that rule that exempts an admission by a party opponent from the hearsay definition is based "on a notion that a party should not be allowed to exclude his own statement on the ground that what

he said was untrustworthy"). Consequently, the exception to the hearsay rule for statements against interest does not govern the admissibility of appellant's previous testimony. *See Johnson v. State*, 263 S.W.3d 405, 423 (Tex. App.—Waco 2008, pet. ref'd); *Bell*, 877 S.W.2d at 24 n.2. And appellant's statements are not barred by the hearsay rule. *See Johnson*, 263 S.W.3d at 423. As a result, we overrule appellant's first issue. *See Laney*, 117 S.W.3d at 857 (concluding appellate court will uphold a trial court's decision to admit evidence when reasonably supported by the record and correct under any applicable theory of law).

## ADMISSION OF EXHIBITS

In his second issue, appellant argues that the trial court erred in admitting two exhibits because there was no evidence linking appellant to the conviction indicated in the exhibits.

### Background

At the punishment phase of trial, the State offered State's exhibits 43 and 44 as self-authenticating and certified documents. State's exhibit 43 was a judgment adjudicating guilt entered on June 14, 2010 against Jaqualyn Labrun Jackson for a robbery that occurred on February 10, 2009 for which the defendant was sentenced to ten years' imprisonment. State's exhibit 44 was a judgment of conviction by the court entered on February 14, 2011 against Jaqualyn Labrun Jackson for the same robbery that suspended the defendant's sentence of confinement and placed the defendant on community supervision for ten years. A handwritten notation at the top of exhibit 44 reads "Shock Probation."[4] Appellant objected that the documents were not "a final connection to" appellant. The court overruled appellant's objection, ruled that the exhibits were self-authenticating, certified documents, and admitted the exhibits.

---

[4] In addition, the State offered exhibit 42, which was an order of deferred adjudication entered on March 26, 2009 for a robbery that occurred on February 10, 2009. Appellant did not object to admission of State's exhibit 42.

**Standard of Review and Applicable Law**

As stated above, we review a trial court's decision to admit evidence for an abuse of discretion and will uphold a trial court's decision to admit evidence when it is reasonably supported by the record and correct under any theory of law applicable to the case. *McCarty*, 257 S.W.3d at 239; *Laney*, 117 S.W.3d at 857.

In order to establish that a defendant has been convicted of a previous offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to the conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07(3)(a)(1) (West Supp. 2013). There is no specific document or mode of proof required to prove these two elements. *Flowers*, 220 S.W.3d at 921. Rather, the State may use "[a]ny type of evidence, documentary or testimonial" to make its proof. *Id.* at 922. The trier of fact looks at the totality of the admitted evidence to determine if these two elements are proven beyond a reasonable doubt. *Id.* at 923.

With respect to the first prong of *Flowers*, rule of evidence 902(4) allows admission of certified copies of public records without extrinsic evidence of authenticity. TEX. R. EVID. 902(4); *see Benton v. State*, 336 S.W.3d 355, 357 (Tex. App.—Texarkana 2011, pet. ref'd) (concluding juvenile court documents concerning previous judgments were self-authenticating under rule of evidence 902(4)). But to satisfy the second prong of *Flowers*, "it is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted." *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986).

**Arguments of the Parties**

Appellant argues that the trial court improperly admitted State's exhibits 43 and 44 because the State did not present any evidence linking appellant to the conviction reflected in the exhibits. Appellant cites *Littles v. State* for the proposition that providing only evidence of

certified copies of the sentence and judgment is not sufficient to link a defendant to the conviction. 726 S.W.2d 26, 28 (Tex. Crim. App. 1984). Appellant quotes *Littles* to describe one "popular" method for establishing that the defendant on trial is the same person as the one previously convicted: introducing certified copies of the judgment and sentence and the record of the Texas Department of Corrections or county jail that includes fingerprints, and expert witness testimony identifying those prints as belonging to the accused. *See id.* Appellant contends that, although the State offered a certified copy of the judgments and sentences that included one thumbprint attached to exhibit 43, no expert witness identified the print as identical to appellant's print and the State did not offer any other evidence connecting appellant to the conviction. Appellant acknowledges that a probation officer testified about what was reflected in the exhibits and explained deferred and shock probation, but claims that the officer never identified appellant as the same person as the person named in the documents. In addition, appellant maintains that appellant was harmed by admission of the exhibits because, without them, there would have been no evidence of prior criminal history and the jury may have been more lenient. Appellant argues that, consequently, he is entitled to a new punishment hearing.

The State argues that the trial court's ruling admitting exhibits 43 and 44 was not an abuse of discretion. Citing rule of evidence 902(4), the State contends that the certified copies of the documents in State's exhibits 43 and 44 were self-authenticating and admissible for purposes of proving the prior conviction. *See* TEX. R. EVID. 902(4) (self-authentication of certified copies of public records). The State argues that, although appellant contends that the trial court erred in admitting the exhibits, appellant's argument focuses on the sufficiency of the evidence to prove the prior conviction. The State cites *Beck* for the proposition that admission of the judgments as self-authenticating documents is distinct from proving the link between the prior conviction and the defendant. 719 S.W.2d at 210 (stating that certified copies of a judgment and sentence and

authenticated records of penal institutions are admissible but not normally sufficient standing alone to prove prior convictions and the State must "go forward" and show by independent evidence that the defendant was the person previously convicted).

The State maintains that, in addition to the self-authenticating prior judgments, it offered sufficient evidence to link appellant to the judgments. The State argues that this evidence included (1) testimony by a probation officer in which the officer affirmed that "this defendant" was placed on a five-year term of deferred probation in 2009, had his probation revoked in 2010, and was given a second opportunity on probation and sentenced to ten years' community supervision, (2) appellant's full name on both State's exhibits 43 and 44, the indictment, the jury charge, and the verdict form at the punishment phase, (3) the same state identification number on the judgments in State's exhibits 43 and 44, and (4) testimony by appellant's brother that he was aware that appellant was on probation in 2009, had violated his probation a year later, was sentenced to ten years' community supervision, received shock probation, and committed the offense in this case after he was released from prison.

**Analysis**

Appellant's argument that the "trial court erred in admitting State Exhibit Nos. 43 and 44 since there was no evidence linking Jackson to the conviction" conflates the two prongs of *Flowers*. Under *Flowers*, in order for the State to establish that appellant had been convicted of the prior offense, the State had to prove beyond a reasonable doubt that (1) a prior conviction existed and (2) the defendant was linked to that conviction. *See* 220 S.W.3d at 921. Under rule of evidence 902(4), State's exhibit 43 comprising a judgment adjudicating guilt and State's exhibit 44 comprising a judgment of conviction by the court and associated documents concerning community supervision were admissible as certified copies of public records without extrinsic evidence of authenticity. *See* TEX. R. EVID. 902(4).

The substance of appellant's argument centers on the second prong of *Flowers*: that State's exhibits 43 and 44 were not sufficient evidence to link appellant to the conviction reflected in those exhibits. *See* 220 S.W.3d at 921; *Beck*, 719 S.W.2d at 210 (stating certified copies of judgment, sentence, and penal institution records are admissible but "not normally sufficient standing alone to prove the prior convictions"). Although appellant contends that the State did not present any evidence linking appellant to the conviction, we conclude that the State did meet its burden to prove beyond a reasonable doubt that appellant was "the person so previously convicted." *Beck*, 719 S.W.2d at 210. The State presented testimony of John Priolo, the probation officer assigned to the trial court. Priolo testified that (1) State's exhibit 43 showed that "probation was revoked" for "this defendant" a "year after being placed on probation" and that he was sentenced to ten years in prison and (2) State's exhibit 44 reflected that "this defendant was given a second opportunity on probation" when he was brought back from the penitentiary and placed on shock probation.

The State also presented testimony by appellant's brother, Craig Sessions. Sessions testified that he knew that appellant was placed on deferred adjudication for robbery in February 2009,[5] that "basically a year later" appellant "violated that probation[,]" and that "[h]e was sentenced to prison for ten years," "[h]e got to see what prison is like for six months," and then received "another shot at probation." Sessions also testified that he was aware that "after getting that second break, he committed this offense[.]"

In addition, the name reflected in the judgments in State's exhibits 43 and 44—Jaqualyn Labrun Jackson—mirrors appellant's name as it appears in the indictment, jury charges, verdict forms, and judgment in this cause. *See Benton v. State*, 336 S.W.3d at 359 (concluding that while "the name alone is not the sole evidence connecting Benton to the prior convictions, it is

[5] State's exhibit 42 reflected that appellant was placed on deferred adjudication in March 2009.

–11–

quite unlikely that another by the name of Courtney Antoine Benton was convicted in Harris County, Texas, within the time frames listed in those prior convictions"). Considering the totality of the evidence, we conclude that the State presented sufficient evidence to satisfy its burden to link appellant to the prior conviction.

We reject appellant's second issue.

## FINE

In his third issue, appellant argues that this Court should reform the judgment to delete the $10,000 fine reflected in the judgment.

### Background

When the jury returned its punishment verdict, the following exchange took place:

> THE COURT: Were you-all able to reach a verdict?
>
> PRESIDING JUROR: Yes, ma'am.
>
> THE COURT: Would you have your client stand, please?
>
> The verdict form reads as follows: We, the jury having found the defendant, Jaqualyn Labrun Jackson, guilty of the offense of murder, as included in the indictment, assess his punishment at 18 years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000.
>
> Is that, in fact, your verdict?
>
> PRESIDING JUROR: Yes, ma'am.
>
> THE COURT: If this is, in fact, your individual verdicts, I need you to raise your right hand if this is, in fact, your verdict.
>
> (Jurors respond.)
>
> THE COURT: Okay. Let the jury—let the record reflect that there were 12 hands that were raised.

–12–

The trial court asked the State and the defense if they had anything further, and both responded that they did not. The court then released the jury. With the defendant present, the court proceeded:

> THE COURT: You may be seated.
>
> Ms. Clark, is there any reason under law why your client should not be at this time sentenced?
>
> [DEFENSE COUNSEL]: No, your Honor.
>
> THE COURT: Okay. It is the order, judgment and decree of this Court that the defendant be taken by the Sheriff of Dallas County and by her safely held, until he can be turned over to the authorized receiving agent, for the Texas Department of Criminal Justice Institutional Division, to serve out his sentence of 18 years confinement, in the Texas Department of Criminal Justice Institutional Division.
>
> Okay. Make sure that your client files his certification of his right to appeal and, also, his appeal, if he so chooses.
>
> [DEFENSE COUNSEL]: Thank you, your Honor.

The judgment reflected a sentence of eighteen years' imprisonment and a $10,000 fine.

## Applicable Law

A defendant's sentence must be pronounced orally in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2013); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the assessed sentence, is the "written declaration and embodiment of that oral pronouncement." *Taylor*, 131 S.W.3d at 500; *see* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West Supp. 2013). When the oral pronouncement of a sentence and the sentence in the written judgment conflict, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (holding "when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls"). But not every variation between the oral pronouncement and the judgment will necessarily invoke this rule. *Aguilar v.*

–13–

*State*, 202 S.W.3d 840, 843 (Tex. App.—Waco 2006, pet. ref'd).   Rather, "if there is a conflicting variation, the oral pronouncement will control."  *Id.*  Where the variation "does not create a conflict sufficient to invoke the rule of *Coffey* and its progeny[,]" "the jury's punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve the ambiguity."  *Id.*

### Arguments of the Parties

Appellant argues that, because the judge did not assess a fine when he orally pronounced appellant's sentence, the written judgment is incorrect and this Court should reform the judgment to delete the fine.  The State concedes that the trial court did not assess the $10,000 fine in appellant's presence, but argues that—because the trial court's oral pronouncement is ambiguous—the proper remedy is for this Court to read the jury's punishment verdict, the court's oral pronouncement, and the written judgment together.  The State contends that, because the court imposed the sentence "immediately after" the jury rendered its punishment verdict that included the term of imprisonment and a $10,000 fine and because the written judgment reflects the assessed fine, "it can be presumed that the trial court intended to sentence Appellant in accordance with the jury's verdict[.]"

### Analysis

Directly before the court pronounced appellant's sentence, the court read the jury's verdict form aloud, in which the jury assessed appellant's punishment at eighteen years' imprisonment and a $10,000 fine and asked the jurors to raise their hands to confirm that this reflected their individual verdicts.  The judge then stated for the record that all twelve jurors raised their hands.  After confirming that neither the State nor the defense had anything else to present, dismissing the jury, and inquiring whether there was any legal reason why appellant should not be sentenced, the court immediately stated that appellant would be taken by the

appropriate authorities "to serve out his sentence of 18 years confinement[.]" The trial judge clearly intended to sentence appellant according to the jury's verdict. The written judgment is consistent with the jury's verdict. "[T]he context of the oral pronouncement makes clear that all understood the pronouncement to be what was ultimately incorporated into the written order." *Hill v. State*, 213 S.W.3d 533, 536 (Tex. App.—Texarkana 2007, no pet.). We read the jury's verdict, the oral pronouncement, and the written judgment together to include the fine in the judgment. *See Aguilar*, 202 S.W.3d at 843.

We overrule appellant's third issue.

### COURT COSTS

In his fourth issue, appellant argues that the evidence is insufficient to support the trial court's order for appellant to pay $244 in court costs because the record does not contain a bill of costs. The record before us, however, does contain the bill of costs. And this Court has previously addressed and rejected the same argument appellant raises. *See Johnson v. State*, 423 S.W.3d 385, 391–96 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). We overrule appellant's fourth issue.

### CONCLUSION

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
130004F.U05

–15–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAQUALYN LABRUN JACKSON, Appellant

No. 05-13-00004-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F11-41279-J.
Opinion delivered by Justice Lang-Miers, Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of June, 2014.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE