**Affirmed and Memorandum Opinion filed October 26, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00509-CR

**BIREN PATEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 8**
**Tarrant County, Texas**
**Trial Court Cause No. 1619281**

# M E M O R A N D U M   O P I N I O N

A jury convicted appellant of driving while intoxicated under Penal Code section 49.04(d), which requires proof that appellant had an alcohol concentration level of 0.15 or more at the time the analysis was performed. The trial court assessed punishment at a $2,000 fine and 120 days in jail, with the sentence of confinement suspended and appellant placed on community supervision for 15 months. Appellant argues that we must delete the fine from the trial court's judgment because the fine was not part of the trial court's oral pronouncement of

sentence and that appellant's trial counsel rendered ineffective assistance of counsel by failing to object to the admission blood-sample test results. Concluding that there is no conflicting variation between the oral pronouncement of sentence and the written judgment and that appellant's trial counsel did not render ineffective assistance by failing to object, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by information with the Class A misdemeanor of driving while intoxicated under Penal Code section 49.04(d), which requires proof that appellant had an alcohol concentration level of 0.15 or more at the time the analysis was performed. *See* Tex. Pen. Code Ann. § 49.04(d) (West, Westlaw through 2023 2d. C.S.); *Ramjattansingh v. State*, 548 S.W.3d 540, 548 (Tex. Crim. App. 2018). A jury found appellant guilty as charged, and appellant elected to have the trial court assess punishment. Appellant's trial counsel and the State's counsel agreed to recommend that the trial court assess punishment at a $2,000 fine and 120 days in jail, with the sentence of confinement suspended and appellant placed on community supervision for 15 months (the "Punishment Recommendation"). The trial court accepted and followed the Punishment Recommendation, and orally pronounced its sentence in appellant's presence. The trial court later signed a judgment reflecting a sentence in accordance with the Punishment Recommendation, including a $2,000 fine. Appellant has timely appealed.[1]

---

[1] The Supreme Court of Texas ordered this case transferred to the Fourteenth Court of Appeals from the Second Court of Appeals. In transfer cases, the transferee court must decide the appeal in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

## II. ISSUES AND ANALYSIS

### A. Must this court modify the trial court's judgment to delete the fine because the fine was not part of the trial court's oral pronouncement of sentence?

Under his first issue appellant asserts that this court must modify the trial court's judgment to delete the $2,000 fine because (1) when the oral pronouncement of sentence conflicts with the written judgment, the oral pronouncement controls; (2) the fine is part of the sentence that the trial court was required to include in its oral pronouncement of sentence; (3) the trial court did not include any fine in its oral pronouncement of sentence; and (4) because there was no oral pronouncement of sentence as to any fine, this court must modify the trial court's judgment to delete the fine.

The trial court must orally pronounce a defendant's sentence, and the judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 SW.3d 131, 135 (Tex. Crim. App. 2002). A fine is punitive and part of the defendant's sentence, and therefore the trial court must orally pronounce a fine. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls (the "*Coffey* Rule"). *Taylor*, 131 S.W.3d at 500; *Ex parte Madding*, 70 SW.3d at 135; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. *Ex parte Madding*, 70 SW.3d at 135. Once the defendant leaves the courtroom, the defendant begins serving the sentence imposed. *Id*. It violates a defendant's constitutional right to due process to orally pronounce sentence to the defendant and then later, without notice to the defendant and without giving an

3

opportunity to be heard, sign a written judgment imposing a significantly harsher sentence. *Id*. at 136–37. But not every variation between the oral pronouncement and the judgment will necessarily invoke the *Coffey* Rule. *See Aguilar v. State*, 202 S.W.3d 840, 843–44 (Tex. App.—Waco 2006, pet. ref'd). Rather, the *Coffey* Rule only applies "if there is a conflicting variation." *Id.* at 843.

Article 42.03, section 1(a) of the Code of Criminal Procedure provides that sentence shall be pronounced in the defendant's presence, except as provided in article 42.14 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (West, Westlaw through 2023 2d C.S.). Article 42.14 of the Code of Criminal Procedure provides that in a misdemeanor case, the judgment and sentence may be rendered in the absence of the defendant. Tex. Code Crim. Proc. Ann. art. 42.14(a) (West, Westlaw through 2023 2d C.S.). This is a misdemeanor case because the jury found appellant guilty as charged of an offense that is a Class A misdemeanor. *See* Tex. Pen. Code Ann. § 49.04(d). We presume, without deciding, that the *Coffey* Rule applies to today's case, even though these statutes provide that a trial court in a misdemeanor case may orally pronounce a defendant's sentence in the absence of the defendant. *See Coffey*, 979 S.W.2d at 328 (stating that article 42.03, section 1(a) "provides that the sentence shall be pronounced in the defendant's presence, except as provided in Article 42.14, V.A.C.C.P., which allows such to be done in the absence of the defendant in a misdemeanor case").

The record reflects, and appellant agrees, that the State and appellant agreed to the Punishment Recommendation. The trial court assessed punishment in accordance with this recommendation in its judgment. The reporter's record shows the following regarding the trial court's oral pronouncement of sentence:

| Trial Court: | And it's my understanding the attorneys for each side have come to a recommended agreement as to |
|---|---|

|                         |                                           |
|-------------------------|-------------------------------------------|
|                         | punishment; is that correct?              |
| Counsel for State:      | Yes, Judge.                               |
| Counsel for Appellant:  | That's correct Your Honor.                |
| Trial Court:            | Okay. And what is that recommendation?    |
| Counsel for State:      | It's 120 over 15 with a $2,000 fine.      |
| Trial Court:            | All right. **And the court will accept that**. |

Dr. Patel, if you'll please stand, sir. With **the attorneys having come to an agreement** and you having been found guilty by a jury of your peers and admonished as to your right to appeal, **the Court will follow the punishment recommendation.** I will sentence you to 120 days in the custody of the Tarrant County Sheriff's Department probated for a period of 15 months. As far as conditions of your probation, I am going to go over them with you. Most of this is statutorily required.

You will be required to complete a DWI education class, a victim impact panel, a substance abuse evaluation and any associated treatment. You're also ordered not to refuse any breath, blood or urine specimen as well as not refusing any standardized field evaluations. You will also have an Interlock. And as far as specimens, that also does include random drug tests. And you will have 24 hours of community service. **If you choose to pay your fine** and court costs by the close of business tomorrow, **we'll waive the community service for you. If not, you can set up a payment plan and do that over the course of your probation.**

Do you understand everything I've talked to you about, sir?

| Appellant:              | Yeah.[2]                                  |

After the State's counsel described the Punishment Recommendation to the trial court, the trial court stated that "the court will accept that." During the oral pronouncement of sentence the trial court referred to the Punishment

---

[2] emphasis added.

Recommendation and stated that the trial court "will follow the punishment recommendation." Though the trial court did not explicitly recite that there would be a $2,000 fine, the trial court did state that if appellant chose to pay the fine by the close of business on the next day, appellant would not have to do any community service. During the oral pronouncement of sentence, the court unambiguously stated that it was following the Punishment Recommendation, which the State's counsel had just said included a $2,000 fine. On this record, we conclude that there is no conflicting variation between the oral pronouncement of sentence and the trial court's written judgment, and thus the *Coffey* Rule does not apply. *See Aguilar*, 202 S.W.3d at 842–44. Therefore, we overrule the first issue.

**B.      Did the representation of appellant's trial counsel fall below an objective standard of reasonableness?**

Under the second issue appellant asserts that his trial counsel rendered ineffective assistance by failing to object to the testimony and report of Keith Temporal, a forensic scientist who performed a blood alcohol analysis. Temporal testified that his analysis revealed that appellant's blood sample contained ".152, plus or min[u]s 0.009 grams of ethanol per hundred milliliters of blood." Appellant contends that his trial counsel should have objected to this testimony and to Temporal's report on the ground that Temporal's blood alcohol analysis was irrelevant to the issue of whether appellant had operated a vehicle while intoxicated because the blood sample had been extracted from appellant approximately three hours after his operation of a motor vehicle (the "Objection").

To prevail on an ineffective-assistance claim, appellant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). In considering an

6

ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Id.*, 466 U.S. at 689, 104 S.Ct at 2065. To overcome this presumption, the ineffective assistance must be firmly demonstrated in the record. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). In most cases, direct appeal is an inadequate vehicle for raising such a claim because generally the record is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Appellant did not allege ineffective assistance of counsel in a motion for new trial, and the record contains no explanation for counsel's conduct during trial. Thus, reversal on this point is an option only if the challenged conduct was so outrageous that no competent attorney would have engaged in it. *See id*. In addition, to argue successfully that his trial counsel's failure to assert the Objection amounted to ineffective assistance, appellant must show that the trial court would have erred in overruling the Objection. *Vaughn v. State*, 931 S.W.2d 564, 567 (Tex. Crim. App. 1996).

Appellant's sole complaint that his trial counsel was ineffective is based on counsel's failure to assert the Objection against Temporal's testimony regarding the results of his blood alcohol analysis and against Temporal's report. Appellant contends that the results of Temporal's analysis were irrelevant because (1) the blood sample was taken approximately three hours after appellant last operated a motor vehicle, and (2) the State failed to present any retrograde extrapolation evidence to estimate appellant's blood alcohol level when he was operating the

motor vehicle and to show that the results of Temporal's blood alcohol analysis were relevant. One of the essential elements of the charged offense is that the defendant had "an alcohol concentration level of 0.15 or more **at the time the analysis was performed**." Tex. Pen. Code Ann. § 49.04(d) (emphasis added); *Ramjattansingh*, 548 S.W.3d at 548. Thus, Temporal's testimony regarding the results of his blood alcohol analysis was relevant, and the trial court would not have erred in overruling the Objection. *See* Tex. Pen. Code Ann. § 49.04(d); *Ramjattansingh*, 548 S.W.3d at 548. The challenged conduct was not so outrageous that no competent attorney would have engaged in it, and trial counsel's failure to assert the Objection did not amount to ineffective assistance of counsel. *See Goodspeed*, 187 S.W.3d at 392; *Vaughn*, 931 S.W.2d at 567. We overrule the second issue.

### III. CONCLUSION

During the oral pronouncement of sentence, the court unambiguously stated that it was following the Punishment Recommendation, which the State's counsel had just said included a $2,000 fine. There is no conflicting variation between the oral pronouncement of sentence and the trial court's written judgment, and thus the *Coffey* Rule does not apply. As to the alleged ineffective assistance of counsel, the challenged conduct was not so outrageous that no competent attorney would have engaged in it, and trial counsel's failure to assert the Objection did not amount to ineffective assistance of counsel. Therefore, we affirm the trial court's judgment.


/s/ Randy Wilson
   Justice

Panel consists of Justices Wise, Zimmerer, and Wilson.
Do Not Publish — TEX. R. APP. P. 47.2(b).

8