# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00374-CR

**Michael Dygert-Tarr, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 452ND DISTRICT COURT OF MCCULLOCH COUNTY
### NO. 6741, THE HONORABLE ROBERT R. HOFMANN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Dygert-Tarr was charged with the offense of murder. *See* Tex. Penal Code § 19.02. During the guilt-innocence phase, the jury found him guilty of the charged offense. The jury charge for the punishment phase included an instruction asking the jury to determine whether he committed the murder while under the influence of sudden passion, which if found would reduce the offense level to that of a second-degree felony. *Id.* § 19.02(d). After considering the evidence during the punishment phase, the jury determined that the offense occurred while he was under the influence of sudden passion and assessed his punishment at twenty years' imprisonment. *See id.* § 12.33. At the end of the punishment phase, the trial court orally pronounced its sentence consistent with the jury's verdicts. Although the written judgment of conviction reflects the sentence orally pronounced, the written judgment states that Dygert-Tarr was convicted of a

first-degree felony. In one issue, he argues the trial court erred by entering a judgment contrary to the jury's verdict. We will modify the judgment of conviction and affirm it as modified.

**DISCUSSION**

On appeal, Dygert-Tarr asserts that the written judgment does not comport with the oral pronouncement of conviction because the written judgment specifies that he was convicted of a first-degree felony, and he asks this Court to remand the case and instruct the trial court to issue a new written judgment comporting with the verdict of the jury. The State concedes error but suggests instead that this Court modify the trial court's judgment rather than remand the issue.

Although it is not binding, appellate courts give due consideration to the State's concession of error. *See Van Flowers v. State*, 629 S.W.3d 707, 710 (Tex. App.—Houston [1st Dist.] 2021, no pet.). Regardless of whether a trial was by a jury or a bench trial, the trial court imposes the sentence. *See* Tex. Code Crim. Proc. arts. 37.01 (explaining that verdict is written declaration by jury of its decision), 42.01, § 1 (stating that judgment is written declaration by trial court showing conviction or acquittal of defendant and that sentence will be based on information in judgment), .02 (noting that sentence is part of judgment ordering punishment to be carried into execution). Additionally, with certain statutory exceptions not applicable here, courts must orally pronounce the sentence in the defendant's presence. *See id.* arts. 42.03, § 1(a), .14; *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The judgment, including the sentence assessed, is merely a written manifestation of that oral pronouncement. *See* Tex. Code Crim. Proc. art. 42.01, § 1; *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135; *Aguilar v. State*, 202 S.W.3d 840, 842 (Tex. App.—Waco 2006, pet. ref'd). "[I]t is the pronouncement of sentence that is the appealable event, and the written

2

sentence or order simply memorializes it and should comport therewith." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Accordingly, "[w]hen there is a conflict between the oral pronouncement of the sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor*, 131 S.W.3d at 500.

Appellate courts have the authority to modify a trial court's judgment and affirm it as modified. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (explaining that appellate courts have authority to modify judgments). More specifically, "[a]ppellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). A trial court may enter a judgment nunc pro tunc to correct a discrepancy between the written judgment and the judgment as pronounced in court. *Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012); *see also* Tex. R. App. P. 23.1 (governing nunc pro tunc proceedings in criminal cases). A judgment nunc pro tunc may only be used by the trial court to correct clerical errors and not errors that are a result of judicial reasoning. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). *But see Van Flowers*, 629 S.W.3d at 712 (explaining that appellate court's "authority to modify a trial court's judgment is not restricted to the correction of clerical errors"). "When a trial court corrects its records to reflect the truth of what happened in the court, the court is correcting a clerical error, not a judicial error." *Hall v. State*, 373 S.W.3d 168, 172 (Tex. App.—Fort Worth 2012, pet. ref'd); *see also In re Cherry*, 258 S.W.3d 328, 333 (Tex. App.—Austin 2008, orig. proceeding) (explaining that "a nunc pro tunc order can only be used to make corrections to ensure that the judgment conforms with what was already determined and not what should have been determined"). Modification is proper when the record supplies "the information necessary to

3

show both that a modification is warranted and the particular modification that is warranted." *Van Flowers*, 629 S.W.3d at 712.

In this case, the jury found that Dygert-Tarr committed the offense while under the influence of sudden passion, which reduced the offense level to a second-degree felony, *see* Tex. Penal Code § 19.02(d), and the jury sentenced him to twenty years' imprisonment, *see id.* § 12.33. Although the trial court's oral pronouncement conformed with the jury's verdicts, the written judgment of conviction incorrectly stated that he was convicted of a first-degree felony. Given this discrepancy and based on the record, we sustain his issue and modify the "degree of offense" portion of the written judgment to reflect that he was convicted of a "SECOND DEGREE FELONY." *See Johnson v. State*, Nos. 05-18-00057—00058-CR, 2019 WL 2266545, at *3 (Tex. App.—Dallas May 28, 2019, no pet.) (mem. op., not designated for publication) (reforming written judgment to reflect that defendant was convicted of second-degree felony due to jury's sudden-passion finding).

## CONCLUSION

Having sustained Dybert-Tarr's issue, we modify the trial court's written judgment as set out above and affirm the judgment of conviction as modified.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Theofanis

Modified and, as Modified, Affirmed

Filed: November 14, 2024

Do Not Publish

4